24 F.3d 1464
 306 U.S.App.D.C. 356
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Andrew RATCLIFFE, Appellant.
 No. 93-3096.
 United States Court of Appeals, District of Columbia Circuit.
 May 26, 1994.
Suggestion for Rehearing In Banc
Denied Aug. 1, 1994.
 
 Before: MIKVA, Chief Judge, BUCKLEY and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED, by the Court, that the District Court's denial of appellant's motion to suppress evidence is affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41(a)(1).
 
 MEMORANDUM
 A. Background
 
 4
 The unchallenged testimony of Officer James Shieder at appellant's suppression hearing established the following: In "May or June" of 1992, Ms. Barbara Hoffman-Jones rented appellant a room in her apartment at 1400 Fairmont Street N.W. Hoffman-Jones agreed to take in appellant, as a favor to her cousin, for a period of "a few weeks, or until he got his feet off the ground." Appellant paid $150. No written lease was executed.
 
 
 5
 During appellant's stay, Hoffman-Jones observed him with drugs on at least two occasions and decided that she no longer wanted him on her property. He also had not paid any additional rent by early August. Ms. Hoffman-Jones accordingly called the police to have him removed, who did so and told him not to return. Appellant had a key, however, and returned later, warning Hoffman-Jones not to call the police again.
 
 
 6
 Despite appellant's threats, Ms. Hoffman-Jones summoned the police on the night of August 11, 1992. She told them that appellant was occupying her apartment against her will, that she was "very scared", and that appellant was storing cocaine in a safe in his bedroom. Hoffman-Jones signed a consent form authorizing police to search the apartment. Appellant was not present. Once inside the apartment, police officers broke down the door of appellant's locked room and found the safe that Ms. Hoffman-Jones had described. After breaking the safe open, they discovered approximately 20 grams of crack cocaine, drug paraphernalia, and personal effects belonging to appellant. Later that evening, police returned and arrested appellant in the lobby of the apartment building.
 
 
 7
 At his suppression hearing, appellant argued that he had a reasonable expectation of privacy in his bedroom, which the officers violated by searching the room without valid consent or a search warrant. The district court denied the motion to suppress, finding that because appellant's presence on the property was "clearly unwanted," he had no reasonable expectation of privacy there. District Court Memorandum at 3. The court also found that the police reasonably believed that Hoffman-Jones had authority to consent to the search. Id. at 4. The court excused the need for a search warrant because of Hoffman-Jones' valid consent, as well as exigencies--the need to respond quickly to a frightened woman's complaints that dangerous illegal activity was occurring on her property--that made obtaining a warrant impracticable. Id.
 
 
 8
 Appellant now challenges the district court's ruling. His basic argument is that because D.C. property law requires a landlord to undertake judicial action, rather than self-help, to evict a tenant, he reasonably maintained a privacy interest in the premises notwithstanding Hoffman-Jones' requests that he vacate. Furthermore, appellant contends that there was no basis for the police to believe that Hoffman-Jones had common authority over his room and safe so as to justify her consent to the search. Finally, appellant argues that there were no exigent circumstances to excuse the police from obtaining a search warrant.
 
 B. Discussion
 
 9
 We uphold the district court's denial of appellant's suppression motion. In order to have standing to challenge a search, a defendant must establish that he had a "legitimate expectation of privacy in the premises he was using," Rakas v. Illinois, 439 U.S. 128, 143 (1978), and one who is "wrongfully" on the premises searched has no such expectation. Jones v. United States, 362 U.S. 257, 267 (1960). Appellant grounds his reasonable expectation of privacy in section 16-1501 of the D.C. Code, which abrogated a landlord's common law right to evict a tenant using self-help. Whether one has a legitimate expectation of privacy in a given place, however, does not necessarily turn on the nuances of local property law. A casual visitor, for example, might be lawfully in a room of someone's home, but may not have a legitimate expectation of privacy there. See Rakas, supra, at 142. Instead, to provide a basis for standing, a defendant's asserted privacy right must be "one that society is prepared to recognize as reasonable." Katz v. United States, 389 U.S. 347, 361 (1967) (Harlan, J., concurring).
 
 
 10
 We conclude that any expectation of privacy that appellant may have had in the bedroom he was occupying was patently unreasonable. Cf. United States v. Patrick, 959 F.2d 991, 997-98 (D.C.Cir.1992). He had been forcibly removed at Hoffman-Jones' request on a previous occasion, he understood that his presence was unwanted, and he remained only through threats and coercion. The government's reliance on United States v. Hughes, 441 F.2d 12 (5th Cir.), cert. denied 404 U.S. 849 (1971) is therefore appropriate. In that case, the Fifth Circuit rejected claims similar to those here made by counterfeiters who, though initially welcomed, maintained their presence in a widow's home only through threats and coercion. The fact that appellant once paid a nominal sum in rent does not change the result here: once he was removed (lawfully or unlawfully is beside the point), he returned and stayed against the will of, and only by threatening, the rightful occupant. By his own actions, appellant sacrificed any reasonable expectation of privacy in the bedroom, as well as in any personal effects found within it. See, e.g., United States v. Jackson, 585 F.2d 653 (4th Cir.1978) ("[W]hen an individual places his effects upon premises where he has no legitimate expectation of privacy ... he has no legitimate expectation that they will remain undisturbed.").